# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **TERRIS STRONG AND JACKIE JONES** | **CIVIL DOCKET NO. 1:20-CV-00485** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DEPARTMENT OF DEFENSE, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## REASONS FOR JUDGEMENT

This matter was tried before the Court, sitting without a jury, on July 13, 2022. Having considered the testimony and evidence at trial, the arguments of counsel, and the applicable law, the Court now issues the following Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52(a). To the extent that any findings of fact may be construed as conclusions of law, the Court hereby adopts them as such. To the extent that any conclusions of law constitute findings of fact, the Court adopts them as such.

## BACKGROUND

The instant action was filed by Plaintiffs, Terris Strong ("Strong") and Jackie Jones ("Jones"), seeking damages under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. The injuries resulted from an automobile collision between Plaintiffs' vehicle and a government vehicle operated by Army Sergeant Paul Rondall Spurlock ("Sgt. Spurlock"), with Specialist Rafael Xavier Collazo-Rivera ("Spc. Collazo-Rivera") riding as a passenger. The collision occurred at the intersection of Monroe Street and MacArthur Drive in Alexandria, Louisiana, on April 27, 2019. Sgt. Spurlock was

acting within the course and scope of his employment with the United States Army at the time of the accident. Strong seeks to recover damages for the repair of his vehicle. Both Plaintiffs seek to recover damages for medical expenses they incurred as well as for past, present, and future pain and suffering. After due consideration of the facts and evidence presented by the parties at trial through witnesses, exhibits, stipulations, and deposition testimony, and having the opportunity to assess the demeanor of the witnesses who testified at trial, the Court now makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

On April 27, 2019, Sgt. Spurlock, acting within the course and scope of his employment with the United States of America as an Army National Guardsman, operated a 2017 Chevrolet van while Spc. Collazo-Rivera rode as passenger.

Strong owned and operated a 2006 Chevrolet Equinox while Jones rode as passenger.

A minor collision involving the two vehicles occurred at the intersection of MacArthur Drive and Monroe Street in Alexandria, Louisiana, on April 27, 2019.

The MacArthur Drive service road parallels MacArthur Drive. Both roads intersect with Monroe Street.

The intersection of the MacArthur Drive service road and Monroe Street is governed by a stop sign directed towards traffic on the MacArthur Drive service road.

The intersection of MacArthur Drive and Monroe Street is governed by a yield sign directed towards traffic on Monroe Street.

After the collision, Alexandria police were contacted, came to the scene, and rendered an accident report with no citations and no conclusions of fault.[1]

No ambulance was called to the scene.

Both vehicles were driven away from the scene.

---

[1] The police report was drafted by Officer Mark Stroud who provided in his narrative that:

> "On 4/27/19 at 1847 hrs I Cpl Stroud P578 was dispatched to 101 MacArthur Dr in reference to a two vehicle accident. On arrival I made contact with the driver of Veh 1 Paul Rondall and the driver of Veh 2 Terris Strong and both stated that no medical treatment was needed at this time. Strong stated that he was traveling North Bound on MacArthur Dr. Strong stated that he made a right turn on to Monroe St. Strong stated that as he made the right turn Veh 1 pulled from the stop sign on North bound service road and he struck the rear driver side bumper with his driver side front bumper. Strong stated that he had minor damage to his vehicle. Rondall stated that he was at the stop sign on the service road on North bound MacArthur Dr. Rondall stated that he stopped and made sure it was clear and he proceeded from the stop sign to cross Monroe St and make a right turn on the North Bound MacArthur Dr. Rondall stated that he was in his lane waiting to make a right turn when he was struck by Veh 2. Due to both vehicles being moved prior to police arrival and conflicting stories I am unable to determine fault in this accident. I advised both parties to contact their insurance companies in reference to the accident. I advised both parties that a report would be on file. Report on file. Cpl Stroud P578."

The police report also contained the following depiction of the accident:



[Doc. 49-1, p. 2].

3

## WITNESS TESTIMONY

**Plaintiff Witnesses**

1. Strong testified that as he approached the intersection of MacArthur Drive and Monroe Street, he activated his right turn signal and began to turn onto Monroe Street.

2. Strong additionally testified that while he was turning right onto Monroe Street, Sgt. Spurlock turned left onto Monroe Street from the MacArthur Drive Service Road and drove into his path of travel. Strong stated that at this point he struck Sgt. Spurlock's vehicle on the rear driver-side bumper.

3. Jones testified that she was looking down when the accident occurred, but that Strong activated his right turn signal and began to turn onto Monroe Street, at which point Strong's vehicle struck Spurlock's van.

4. Strong and Jones both testified that they suffer from neck and back pain as a result of this collision, for which they have obtained medical treatment.

**Defense Witnesses**

1. Sgt. Spurlock testified that he came to a stop at the stop sign at the intersection of the MacArthur Drive service road and Monroe Street, and that he then looked to the left and right before making a left turn onto Monroe Street.

2. Sgt. Spurlock testified that he was then stopped at a yield sign on the corner of MacArthur Drive and Monroe Street, looking to his left and waiting for a break in traffic so that he could turn right onto MacArthur Drive, when his vehicle was struck by Strong's vehicle.

3. Sgt. Spurlock further testified that at the time his vehicle was struck, his vehicle was positioned at the far-right side of the intersection of MacArthur Drive and Monroe Street.

4. Spc. Collazo-Rivera, who the Court notes is the fact witness with the least interest in the outcome of this matter, testified that Sgt. Spurlock made a left turn from the MacArthur Drive Service Road onto Monroe Street, stopped at the yield sign, and was then positioned at the far-right side of the intersection of Monroe Street and MacArthur Drive when the government van was hit on its rear driver's side by Strong.

All told, the available evidence is insufficient for the Court to determine exactly what caused the wreck or to establish liability in this matter. Rather, the available evidence only demonstrates that at some time after Sgt. Spurlock began to make a left turn onto Monroe Street, but before he completed his intended right turn onto MacArthur Drive, Strong struck Sgt. Spurlock's vehicle on its rear driver-side bumper with his left driver-side bumper while Strong was turning right from Macarthur Drive onto Monroe Street.

## CONCLUSIONS OF LAW

Plaintiffs' claims are brought pursuant to the Federal Tort Claims Act (28 U.S.C. §§ 2671-80), which "provides broadly that the United States will accept liability for common torts committed by its agents to the same extent and in the same manner as liability would attach to a private individual in similar circumstances." *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 374 (5th Cir. 1987) (citing *United States v. Orleans*, 425 U.S. 807, 813 (1976)).

Jurisdiction is proper under 28 U.S.C. § 1346(b)(1) ("United States as defendant").

The United States is the only proper Defendant in an FTCA action. 28 U.S.C. §§ 1346(b)(1), 2679.

Under the FTCA, the United States may be liable if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Therefore, the substantive law of Louisiana applies to the claims brought in this suit. *Cleveland ex rel. Cleveland v. U.S.*, 457 F.3d 397, 403 (5th Cir. 2006); *see also,* 28 U.S.C. § 1346(b)(1).

Under Louisiana law, a motorist has a legal duty to use reasonable care in operating and controlling his vehicle. *Fontenot v. Patterson Ins.*, 09-0669 (La. 10/20/09), 23 So.3d 259, 268.

In a personal injury suit, including one stemming from a vehicle accident, the plaintiff bears the burden of proving that the defendant acted negligently by a preponderance of the evidence. To do so, a plaintiff must prove that: (1) the defendant had a duty to conform his conduct to a specific standard of care; (2) the defendant breached that duty; (3) the defendant's conduct was a cause-in-fact of the injuries suffered; (4) the defendant's conduct was the legal cause of the injuries; and (5) actual damages resulted. *Malta v. Herbert S. Hiller Corporation*, 2021-00209 (La. 10/10/21), 333 So.3d 384, 395.

Here, the Plaintiffs have failed to meet their burden.

Specifically, Plaintiffs have not proved, by a preponderance of the evidence, that Sgt. Spurlock acted negligently in his operation of the government van and have therefore failed to prove that Sgt. Spurlock's actions caused their alleged damages.

## CONCLUSION

In light of the foregoing, the Court assesses no liability against the United States. Further, as the prevailing party, the United States is awarded costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 2412(a)(1).

Counsel for defendant is instructed to submit a proposed judgment, approved by counsel for the plaintiffs, within fifteen (15) days of the date of this Order.

THUS, DONE AND SIGNED in Chambers on this 22nd day of July 2022.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE